```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/23/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM SHANE LOWRY,                       :
                                            :
                Plaintiff,                 :
                                            :      **ORDER**
        -v-                                :
                                            :      23-CV-2623 (PAE) (JLC)
QUEENS BALL LLC and MARIANO OTERO,         :
                                            :
                Defendants.                :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

WHEREAS, the parties reported a settlement in principle on May 31, 2023 (Dkt. No. 17); and

WHEREAS, the parties have now consented to my jurisdiction over this case under 28 U.S.C. § 636(c) so that their settlement agreement may be reviewed by me (Dkt. No. 19);

IT IS HEREBY ORDERED that the parties are directed to file a joint letter motion along with their fully executed settlement agreement **no later than June 30. 2023** to request court approval, as previously directed (Dkt. No. 18). The letter motion should explain why the proposed settlement is fair and reasonable and otherwise complies with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The parties are directed to this Court's rulings in *Martinez v. Avalanche Construction Group Inc.*, No. 20-CV-11065 (JLC), 2021 WL 5001415 (S.D.N.Y. Oct. 28, 2021) (unreasonable restrictions on use of social media to publicize settlement stricken); *Cruz v. Relay Delivery, Inc.*, 17-CV-7475 (JLC), 2018 WL 4203720 (S.D.N.Y. Sept. 4, 2018) (no reemployment provision impermissible and provision related to communication with media should not be overly restrictive); *Rivera v. Relay Delivery, Inc.,* 17-CV-5012 (JLC), 2018 WL 1989618 (S.D.N.Y.

Apr. 26, 2018) (release that was broader and thus more favorable to defendants than plaintiff's narrower release was impermissible); *Howard v. Don Coleman Advertising, Inc.*, 16-CV-5060 (JLC), 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017) (any mutual non-disparagement provision must include carve-out for truthfulness); and *Souza v. 65 St. Marks Bistro*, 15-CV-327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) (regarding impermissible confidentiality provisions and the proper scope of mutual general releases), for guidance as to permissible and impermissible terms.

For recent settlement papers that the Court has approved, the parties are directed to the following cases, as examples: *Rodriguez v. Emenike*, No. 18-CV-5786 (Dkt. Nos. 36, 38 (settlement agreement); Dkt. No. 37 (court approval order)); *Yahuiti v. L Ray LLC*, No. 19-CV-1114 (Dkt. No. 24 (settlement agreement); Dkt. No. 25 (court approval order)); *De Luna Hernandez v. City Catering*, No. 18-CV-3919 (Dkt. No. 49 (settlement agreement); Dkt. No. 50 (court approval order)); and *Sanchez v. New York Kimchi Catering Corp.*, No. 16-7784 (Dkt. No. 98 (settlement agreement) and Dkt. No. 99 (court approval order).

**SO ORDERED.**

Dated: June 23, 2023
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge