```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM SHANE LOWRY,                        :
                                            :
              Plaintiff,                    :
                                            :          ORDER
      -v-                                   :
                                            :          23-CV-2623 (JLC)
QUEENS BALL LLC and                         :
MARIANO OTERO,                              :
                                            :
              Defendants.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __07/10/2023__

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 21) and have now submitted a joint letter in support of settlement (Dkt. No. 24) along with their proposed agreement (Dkt. No. 24-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  In this case, plaintiff alleged, *inter alia*, violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and several violations of New York Labor Law.

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

Having carefully reviewed the joint letter in support of settlement as well as the proposed settlement agreement, the Court finds that all of the terms of the

proposed settlement (including the allocation of attorney's fees and costs) appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), a case considered to be a touchstone in evaluating wage-and-hour settlements.[1]  Among other things, the agreement appears to be "the product of arm's-length bargaining between experienced counsel." *Id.*  Moreover, while mutual general releases such as the one in this case are not always met with judicial approbation, in this case, as in *Souza*, plaintiff is a former employee with no ongoing relationship with defendants and the releases are, in fact, mutual. Accordingly, the settlement is hereby approved.  *See Souza*, 2015 WL 7271747, at *5 ("A general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure.").[2]

---

[1] Although there is not a proportionality requirement, attorney's fees in FLSA cases generally amount to a third of the settlement award, as is the case here. *See, e.g., Manjarrez v. Bayard's Ale House LLC*, No. 21-CV-1968 (OTW), 2022 WL 17363952, at *2 (S.D.N.Y. Dec. 1, 2022) (citing *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorney fee to be paid by the defendant"). *See also Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate").  The Court's approval of the allocation of attorney's fees, however, should not be construed as an approval of the hourly rate of plaintiff's counsel.

[2] Approval of the settlement agreement should not be deemed an approval of the tax allocations to which the parties have agreed.

The parties are directed to submit their stipulation of dismissal by **July 21, 2023.**

**SO ORDERED.**

Dated: July 10, 2023
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge